IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
WESTERN DIVISION

RICHARD D. KENNEDY,                      )
                                         )
       Petitioner,                       )
                                         )
vs.                                      )    Case No. 7:12-cv-311-SLB-TMP
                                         )
WILLY THOMAS, Warden; ALABAMA            )
BOARD OF PARDONS AND PAROLES;            )
BILL WAYNE; ROBERT P. LONGSHORE;         )
CLIFF WALKER; and ATTORNEY               )
GENERAL OF THE STATE OF ALABAMA,         )
                                         )
       Respondents.                      )

## REPORT AND RECOMMENDATION

The petitioner, Richard D. Kennedy, filed the instant petition on January 27, 2012,[1] explicitly styled as a petition for writ of *habeas corpus* pursuant to 28 U.S.C. § 2241. Although far from clear, the petition seems to allege that petitioner was denied release on parole by the Alabama Board of Pardons and Paroles ("Board") based on clearly false information, thereby violating the petitioner's right to a fair consideration of his eligibility for parole. In particular, he alleges that respondents denied him parole on the basis of someone else's crime. He attaches to the petition a transcript of an investigative statement given to police by Michelle Vanese Orso, calling it a confession, and argues that it proves that Orso, not petitioner, is guilty of the crime for which he is serving a life sentence. He contends that he should not be denied parole because someone else (Orso) committed the crime.

---

[1] Even though the Clerk did not receive the petition for filing until January 30, 2012, under the prison mailbox rule, it is deemed filed as of the date petitioner delivered it to prison officials for mailing.

1

In accordance with the court's usual procedures, the petition was referred to the undersigned magistrate judge for a preliminary review and recommendation. After granting the petitioner's application for leave to proceed *in forma pauperis*, the court entered an order for the respondents to show cause why relief should not be granted. They filed their answer and exhibits on March 1, 2012. Petitioner filed his traverse on March 8, 2012.

Discussion

Petitioner's essential argument is that he has been unconstitutionally denied parole because he did not commit the crime for which he is serving a life sentence. At page three of the petition, under the heading, "THE PETITIONER'S DUE PROCESS RIGHT TO HAVE HIS PAROLE CONSIDERED ON FACTUAL INFORMATION HAS BEEN DENIED," he alleges the following:

> On May 17, 1996, Michelle Vanese Orso confessed to the same crime petitioner is erroneously denied parole. Petitioner was not involved in the offense. There are no facts in the record established that petitioner was engaged in any crime associated with the overt acts Michelle Orso confessed to.
> Petitioner should not be held accountable for another person's actions and denied parole. Petitioner is no responsible for what Michelle Orso did.

Petitioner was convicted of murder and child abuse in the death of Orso's child and sentenced to life in prison, plus ten years. As reflected above, he argues that Orso, not he, is responsible for the death of the child in that she confessed to striking the child several times. Although he contends the denial of parole is unconstitutional for this reason, he has not challenged the validity of the underlying convictions and sentences.

At the outset, it is clear that petitioner has no constitutionally protected right to expect to be paroled during the service of a sentence in Alabama. See Ellard v. Alabama Board of Pardons

2

& Paroles, 824 F.2d 937, 942 (11th Cir. 1987); Thomas v. Sellers, 691 F.2d 487 (11th Cir. 1983). Liberty interests protected by the Due Process clause arise from two sources: the Constitution itself, and state laws that limit the exercise of official discretion. Hewitt v. Helms, 459 U.S. 460, 466, 103 S. Ct. 864, 869, 74 L. Ed. 2d 675 (1983); Ellard v. Alabama Board of Pardons & Paroles, 824 F.2d 937, 941 (11th Cir. 1987). "Due to 'the necessary withdrawal or limitation of many privileges and rights' that results from lawful incarceration,… protected interests that arise purely from the due process clause are restricted to 'the most basic liberty interests in prisoners.'… Thus, the Constitution itself does not guarantee… parole, Greenholtz v. Inmates of the Nebraska Penal and Correctional Complex, 442 U.S. 1, 7, 99 S. Ct. 2100, 2103, 60 L. Ed. 2d 668 (1979).…" Ellard v. Alabama Board of Pardons & Paroles, 824 F.2d 937, 941 (11th Cir. 1987) (internal citations omitted). Nor does Alabama law limit the discretion of the Board of Pardons & Paroles in deciding whether to grant or deny parole. "Applying Greenholtz, we have previously determined that the Alabama parole statute, Alabama Code § 15-22-26 (1975), does not confer a liberty interest in parole that is protected by the Due Process Clause because the statute provides that parole may be granted at the Board's discretion." Monroe v. Thigpen, 932 F.2d 1437, 1441 (11th Cir. 1991),citing Thomas v. Sellers, 691 F.2d 487 (11th Cir. 1983). Thus, under neither avenue is the petitioner able to show a protectable interest sufficient to invoke the Due Process clause.

Nevertheless, it is a violation of the Due Process clause for a parole authority to deny parole on the basis of *knowingly* false information. While the Board of Pardons & Paroles is not held to the omniscient standard of guaranteeing the complete accuracy of all information it may considered on a parole question, see Slocum v. Georgia State Board of Pardons and Paroles, 678 F.2d 940, 942 (11th Cir.), cert. denied, 459 U.S. 1043, 103 S. Ct. 462, 74 L. Ed. 2d 612 (1982), it

3

may not use information it *knows* to be false to deny parole.

> It is true that the Alabama parole statute is framed in discretionary terms and therefore does not confer a liberty interest in parole. Ala. Code § 15-22-26 (1975); Thomas, 691 F.2d at 489. Nevertheless, this discretion is not unlimited. A parole board may not engage in "flagrant or unauthorized action." Thomas, 691 F.2d at 489. Section 15-22-26 cannot be read as granting the Board the discretion to rely upon false information in determining whether to grant parole. Therefore, by relying on the false information in Monroe's file, the Board has exceeded its authority under section 15-22-26 and treated Monroe arbitrarily and capriciously in violation of due process. Thomas, 691 F.2d at 489.

Monroe v. Thigpen, 932 F.2d 1437, 1442 (11th Cir. 1991). The court stressed how Monroe was different from Slocum, in that, in Monroe, the Board of Pardons & Paroles *admitted* that false information had been used in making the parole decision. The court in Monroe explained:

> In Slocum, the plaintiff, who had been denied parole, made the conclusory allegation that the Board must have relied upon erroneous information because otherwise the Board would surely have granted him parole. Slocum, 678 F.2d at 941. The plaintiff then sought to assert a due process right to examine his prison file for the alleged errors. Unlike the instant case, in Slocum the state did not admit that it had relied upon false information in denying parole nor did the plaintiff present any evidence that his prison file even contained any false information. We held in Slocum that prisoners do not state a due process claim by merely asserting that erroneous information may have been used during their parole consideration. Id. at 942. … In the case at bar, we are confronted with prison authorities who *admit* that information contained in Monroe's files is false and that they relied upon such information, at least in part, to deny Monroe parole and to classify him as a sex offender. As we stated, the parole statute does not authorize state officials to rely on knowingly false information in their determinations.

Monroe v. Thigpen, 932 F.2d 1437, 1442 (11th Cir. 1991) (italics in original).

In the instant case the "false information" purportedly used by the Board to deny petitioner parole consists of the *convictions* themselves. Citing the so-called confession of Orso, plaintiff contends that the Board arbitrarily and capriciously denied him parole despite knowing that Orso, not he, committed the crimes of murder and child abuse for which he is incarcerated.

4

He proclaims his factual innocence of the crimes, saying that it was Orso who abused and murdered her child, and that it was arbitrary and capricious for the Board to deny him parole on the basis that *he* committed that crimes.

This argument fails for at least two reasons: first, unlike Monroe, the Board does not admit that it believes that petitioner was falsely convicted of the crimes for which he is incarcerated, and second, the evidence of Orso's statement falls far short of exonerating the petitioner of the crimes. There is no evidence that the Board actually believed that petitioner is innocent of the crimes of conviction, much less that its members denied him parole while believing his convictions to be false. In making a decision whether to grant or deny parole, the Board has the right to rely upon the facial validity and accuracy of the convictions that put the petitioner in prison. It is not arbitrary and capricious for the Board to deny parole on the fundamental basis that the petitioner is guilty of the crimes for which he stands convicted, even when there is conflicting evidence of innocence. The processes used to adjudicate the guilt of the petitioner and to sentence him to prison are sufficient to enable the Board to rely upon the convictions as a sound basis for believing the petitioner to be, in fact, guilty, notwithstanding conflicting evidence. At the very least, the Board as has not *admitted* that the petitioner's convictions are false.

Also, the Orso statement offered by petitioner does not exonerate him, or even raise a question about his guilt. Although it is true that Orso admits in the statement that she struck her child on the head and stomach, this alone does not prove that petitioner also did not do so, or that he was not ultimately involved in causing the child's death. Nothing in the statement by Orso declares that petitioner was *not* involved or responsible for the child's injuries and death. On this statement alone, neither the Board nor this court has any basis for questioning the accuracy of

5

petitioner's convictions. The Board was not arbitrary and capricious in its decision to deny parole notwithstanding this evidence.

Because petitioner has no constitutionally protected interest in being granted parole, and because there is evidence that the Board has denied parole on the basis of *admittedly* false information, petitioner cannot establish a violation of any federal constitutional right for which *habeas* relief would be warranted. The petition should be denied and dismissed.

## RECOMMENDATION

Based on the foregoing considerations, the magistrate judge RECOMMENDS that the § 2241 petition for writ of *habeas corpus* be DENIED and DISMISSED WITH PREJUDICE.

## NOTICE OF RIGHT TO OBJECT

Any party who objects to this report and recommendation must, within fourteen (14) days of the date on which it is entered, file specific written objections with the clerk of this court. **Any objections to the failure of the magistrate judge to address any contention raised in the petition also must be included.** Failure to do so will bar any later challenge or review of the factual findings **or legal conclusions** of the magistrate judge. *See* 28 U.S.C. § 636(b)(1)(C); Thomas v. Arn, 474 U.S. 140, 106 S. Ct. 466, 88 L.Ed.2d 435 (1985), *reh'g denied*, 474 U.S. 1111, 106 S. Ct. 899, 88 L.Ed.2d 933 (1986); Nettles v. Wainwright, 677 F.2d 404 (5th Cir. 1982) (*en banc*). In order to challenge the findings of the magistrate judge, a party must file with the clerk of the court written objections which shall specifically identify the portions of the proposed findings and recommendation to which objection is made and the specific basis for objection. A copy of the objections must be served upon all other parties to the action.

Upon receipt of objections meeting the specificity requirement set out above, a United States District Judge shall make a *de novo* determination of those portions of the report, proposed findings, or recommendation to which objection is made and may accept, reject, or modify in whole or in part, the findings or recommendations made by the magistrate judge.  The district judge, however, need conduct a hearing only in his discretion or if required by law, and may consider the record developed before the magistrate judge, making his own determination on the basis of that record.  The district judge may also receive further evidence, recall witnesses or recommit the matter to the magistrate judge with instructions.

Objections not meeting the specificity requirement set out above will not be considered by a district judge.

A party may not appeal a magistrate judge's recommendation directly to the United States Court of Appeals for the Eleventh Circuit.  Appeals may be made only from a final judgment entered by or at the direction of a district judge.

The Clerk is DIRECTED to mail a copy of the foregoing to the petitioner.

DONE this the 19th day of August, 2013.

_____
T. MICHAEL PUTNAM
U.S. MAGISTRATE JUDGE