IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
WESTERN DIVISION

| | |
|---|---|
| RICHARD D. KENNEDY, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| vs. ) | Case No. 7:12-cv-311-SLB-TMP |
| ) | |
| WILLY THOMAS, Warden; ALABAMA ) | |
| BOARD OF PARDONS AND PAROLES; ) | |
| BILL WAYNE; ROBERT P. LONGSHORE; ) | |
| CLIFF WALKER; and ATTORNEY ) | |
| GENERAL OF THE STATE OF ALABAMA, ) | |
| ) | |
| Respondents. ) | |

ORDER DISMISSING PETITION

The magistrate judge filed his report and recommendation in the above-styled cause on August 19, 2013, recommending that the § 2254 petition for writ of *habeas corpus* with respect to a denial of probation on a state sentence be denied.  Petitioner filed his objections to the report and recommendation on September 13, 2013, followed by a motion for a hearing on September 16, 2013.  Having now carefully reviewed and considered *de novo* the objections to the report and recommendation, the report itself, and other materials in the court file relevant to the case, the court finds that the report is due to be ADOPTED and the recommendation ACCEPTED.

The petitioner first objects to the magistrate judge's observation in the report and recommendation that there is no constitutional right to parole.  Petitioner contends that he is not attempting to establish a right to parole but, rather, the right to have his parole decision made on the basis of complete and accurate facts.  The magistrate judge correctly recognized the nature of the petitioner's claim, as evidenced by the magistrate judge's additional observation that "it is a violation of the Due Process clause for a parole authority to deny parole on the basis of

*knowingly* false information." See Doc. 13, p. 3. Because the magistrate judge understood correctly the nature of the petitioner's claim, his first objection is overruled.

Petitioner argues that the magistrate judge ignored the mandate of 18 U.S.C. § 4206 that requires the United States Parole Commission to state the factual basis of its reasons for denying parole. The short answer to this objection, of course, is that § 4206 applies only to the parole of *federal* prisoners under the authority of the United States Parole Commission, not the parole of *state* prisoners like petitioner. The statute simply does not apply to state parole processes. It creates no liberty interest in state prisoners protected by the Due Process clause.

At the heart of the petitioner's objections is the contention that he was denied due process because the Alabama Board of Pardons and Paroles denied him parole without considering the statement by Michelle Orso that she was involved in the death of the child for which petitioner was convicted and sentenced. The magistrate judge carefully considered this argument. He wrote:

> Citing the so-called confession of Orso, plaintiff contends that the Board arbitrarily and capriciously denied him parole despite knowing that Orso, not he, committed the crimes of murder and child abuse for which he is incarcerated. He proclaims his factual innocence of the crimes, saying that it was Orso who abused and murdered her child, and that it was arbitrary and capricious for the Board to deny him parole on the basis that *he* committed that [sic] crimes.
> This argument fails for at least two reasons: first, unlike Monroe, the Board does not admit that it believes that petitioner was falsely convicted of the crimes for which he is incarcerated, and second, the evidence of Orso's statement falls far short of exonerating the petitioner of the crimes.

The court agrees with the magistrate judge. Even assuming that the state parole board did not consider the Orso statements regarding the death of the child, this does not show that the Board relied *knowingly* on false information. Petitioner remains validly convicted of and sentenced for the crimes arising from the death of Orso's child. The state parole board had nothing before it,

2

even if it had considered the Orso statement, indicating that the conviction is invalid.  Also, as explained by the magistrate judge, the Orso statement is far from an exoneration of the petitioner.  He wrote:

> Also, the Orso statement offered by petitioner does not exonerate him, or even raise a question about his guilt.  Although it is true that Orso admits in the statement that she struck her child on the head and stomach, this alone does not prove that petitioner also did not do so, or that he was not ultimately involved in causing the child's death.  Nothing in the statement by Orso declares that petitioner was *not* involved or responsible for the child's injuries and death.  On this statement alone, neither the Board nor this court has any basis for questioning the accuracy of petitioner's convictions. The Board was not arbitrary and capricious in its decision to deny parole notwithstanding this evidence.

The court agrees.  Having considered the Orso statement *de novo*, the court agrees that, while it might also implicate Orso in the child's death, it does not exonerate petitioner.

Therefore, because the magistrate judge carefully and correctly addressed the issue raised by the petitioner, his objections to the report and recommendation are meritless and are hereby **OVERRULED**.  Accordingly, having adopted the report and recommendation, the petition for writ of *habeas corpus* is **DENIED** and **DISMISSED WITH PREJUDICE**.

The Clerk is **DIRECTED** to mail a copy of the foregoing to the petitioner.

**DONE** this 4th day of November, 2013.

_Sharon Lovelace Blackburn_
SHARON  LOVELACE  BLACKBURN
CHIEF UNITED STATES DISTRICT JUDGE